FILED
LAL
SEP - 9, 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

05 C 5180

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ONDRAY MCKNIGHT and DONALD SCOTT )
)
Plaintiffs, )
) Case No. 05C 5180
)
) COMPLAINT FOR VIOLATION
vs. ) OF CIVIL RIGHTS
)
Chicago Police Officer **David Quinn**, Star ) MAGISTRATE JUDGE VALDEZ
No. **4233**, An Unknown Number of Unknown ) JUDGE GRADY
Officers, and The **City of Chicago**, )
Defendants. ) JURY DEMANDED

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, plaintiff ONDRAY MCKNIGHT ("MCKNIGHT") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, plaintiff DONALD SCOTT ("SCOTT") was and is a citizen of the United States, and was within the jurisdiction of this court.

5. At all times herein mentioned defendant Chicago Police Officer David Quinn, Star No. 4233 ("QUINN") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

1

6. At all times herein mentioned an UNKNOWN NUMBER OF UNNAMED CHICAGO POLICE OFFICERS ("UNKNOWN DEFENDANTS") were employed by the Chicago Police Department and were acting under the color of state law and as the employee, agent, or representative of the Chicago Police Department. Plaintiffs will seek leave to amend their complaint upon learning the identity of these defendants for the purpose of alleging their names.

7. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

8. On or about September 13, 2004, SCOTT was in a public place, in the City of Chicago, County of Cook, State of Illinois lawfully operating a motor vehicle owned by MCKNIGHT.

9. At that time and place QUINN and UNKNOWN DEFENDANTS ordered SCOTT to stop the vehicle owned by MCKNIGHT.

10. There was no legal cause for QUINN and UNKNOWN DEFENDANTS to order SCOTT to stop the vehicle.

11. SCOTT complied with the order to stop the vehicle.

12. SCOTT was then ordered by QUINN and UNKNOWN DEFENDANTS to exit the vehicle when he was detained and/or arrested.

13. There was no legal cause for QUINN and UNKNOWN DEFENDANTS to order SCOTT to exit the vehicle and be detained and/or arrested.

14. After SCOTT exited the vehicle QUINN and UNKNOWN DEFENDANTS conducted a search of the interior of the vehicle.

15. There was no legal cause to conduct a search of the interior of the vehicle.

16. SCOTT did not give consent for QUINN and UNKNOWN DEFENDANTS to conduct a search of the interior of the vehicle.

17. QUINN and UNKNOWN DEFENDANTS then issued SCOTT an "Administrative Notice of Ordinance Violation" and ordered that the vehicle be towed by the City of Chicago.

18. There was no legal cause to issue the "Administrative Notice of Ordinance Violation," and there was no legal cause to order the vehicle towed.

19. QUINN and UNKNOWN DEFENDANTS then refused to provide SCOTT with transportation, and left him stranded.

20. The vehicle was not towed from the location where SCOTT was ordered to curb the vehicle, but rather was driven by QUINN and/or UNKNOWN DEFENDANTS to an unknown location.

21. Upon information and belief it was from that unknown location that the vehicle was eventually towed by the City of Chicago.

22. During the period of time between QUINN and UNKNOWN DEFENDANTS taking possession of the vehicle, and the time the vehicle was returned to the possession of MCKNIGHT, the vehicle was severely damaged, and several items owned by MCKNIGHT that were contained in the vehicle were permanently removed.

23. There was no search warrant authorizing the seizure of the vehicle, or its contents, owned by MCKNIGHT.

24. There was no outstanding arrest warrant for SCOTT.

25. There was no legal cause to seize SCOTT.

26. By reason of the above-described acts and omissions of defendants, Plaintiffs, and each of them, sustained injuries, including but not limited to property damage, humiliation and indignities, and suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained.

27. The aforementioned acts of QUINN and UNKNOWN DEFENDANTS were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

28. By reason of the above-described acts and omissions of QUINN and UNKNOWN DEFENDANTS, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### Plaintiff SCOTT Against Defendants QUINN and UNKNOWN DEFENDANTS for UNREASONBLE SEARCH and SEIZURE

29. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

30. By reason of the Defendants' conduct Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted there under.

31. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: Ordering SCOTT to stop the vehicle, ordering him out of the vehicle, detaining him, and searching the vehicle without consent was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff MCKNIGHT Against Defendants QUINN and UNKNOWN DEFENDANTS for UNREASONBLE SEARCH and SEIZURE

32. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

33. By reason of the Defendants' conduct Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted there under.

34. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's vehicle was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: Searching and seizing plaintiff's vehicle without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III

### Plaintiffs SCOTT and MCKNIGHT against Defendants QUINN, UNKNOWN DEFENDANTS, and the CITY OF CHICAGO For The State Supplemental Claim Of Malicious Prosecution

35. Plaintiffs hereby incorporates and re-alleges paragraphs one (1) through twenty-eight (28) hereat as though fully alleged at this place.

5

36. Defendants QUINN and UNKNOWN DEFENDANTS, caused an administrative proceeding alleging the violation of an ordinance of the City of Chicago to commence against the plaintiffs.

37. Defendants QUINN and UNKNOWN DEFENDANTS, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a the administrative proceeding against the plaintiffs without probable cause for the institution of these proceedings. As a result, plaintiffs were injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

38. Defendants QUINN and UNKNOWN DEFENDANTS facilitated this malicious prosecution by the creation of false evidence and/or by giving false police reports.

39. The administrative proceedings were terminated in the plaintiffs' favor on or after October 13, 2004.

40. The City of Chicago is liable to plaintiff for the acts of QUINN and UNKNOWN DEFENDANTS pursuant to the doctrine of *respondeat superior*.

41. Therefore, defendants QUINN, UNKNOWN DEFENDANTS, and the City of Chicago are liable under the state supplemental claim of Malicious Prosecution.

### COUNT IV

### Plaintiff MCKNIGHT against Defendants QUINN, UNKNOWN DEFENDANTS, and the CITY OF CHICAGO For The State Supplemental Claim Of Trespass

42. Plaintiffs hereby incorporates and re-alleges paragraphs one (1) through twenty-eight (28) hereat as though fully alleged at this place.

43. QUINN, UNKNOWN DEFENDANTS, and the City of Chicago committed the tort of trespass when they took possession the vehicle owned by MCKNIGHT, caused or allowed to be caused damage to the vehicle while it was in their possession, and removed or allowed to be removed, plaintiff's property that was contained in the vehicle.

44. The City of Chicago is liable to plaintiff for the acts of QUINN and UNKNOWN DEFENDANTS pursuant to the doctrine of *respondeat superior*.

45. As a result of these acts and/or omissions plaintiff was damaged economically, and the defendants QUINN, UNKNOWN DEFENDANTS, and the City of Chicago are liable under the state supplemental claim of Trespass.

## COUNT V

### Plaintiff MCKNIGHT against Defendants QUINN, UNKNOWN DEFENDANTS, and the CITY OF CHICAGO For The State Supplemental Claim Of Breach of Implied Bailment

46. Plaintiffs hereby incorporates and re-alleges paragraphs one (1) through twenty-eight (28) hereat as though fully alleged at this place.

47. QUINN, UNKNOWN DEFENDANTS, and the City of Chicago voluntarily received plaintiff's vehicle.

48. When QUINN, UNKNOWN DEFENDANTS, and the City of Chicago took possession of the vehicle it was in good condition and did not have any damage to its interior or exterior.

49. When QUINN, UNKNOWN DEFENDANTS, and the City of Chicago took possession of the vehicle it contained plaintiff's personal property.

50. QUINN, UNKNOWN DEFENDANTS, and the City of Chicago had exclusive possession of plaintiff's vehicle and its contents.

51. The City of Chicago retuned plaintiff's vehicle in a damaged condition and with plaintiff's personal property missing.

52. The City of Chicago breached an implied bailment contract by failing to return the vehicle and its contents as delivered.

53. The City of Chicago is liable to plaintiff for the acts of QUINN and UNKNOWN DEFENDANTS pursuant to the doctrine of *respondeat superior*.

54. Plaintiff was damaged economically as a result of this breach, and the City of Chicago is liable under the state supplemental claim of breach of implied bailment.

## COUNT V

### Plaintiff MCKNIGHT against Defendants QUINN, UNKNOWN DEFENDANTS, and the CITY OF CHICAGO For The State Supplemental Claim Of Conversion

55. Plaintiffs hereby incorporates and re-alleges paragraphs one (1) through twenty-eight (28) hereat as though fully alleged at this place.

56. The defendants' assumption of control over plaintiff's vehicle, and the property contained therein, was unauthorized and wrongful.

57. Plaintiff, as the owner of the vehicle and its contents, had the absolute and unconditional right to control and possess the vehicle and its contents.

58. Plaintiff has demanded the return of the property contained in the vehicle, but the property has not been returned.

59. The City of Chicago, by withholding the property contained within the vehicle has deprived plaintiff of his personal property without consent.

60. The City of Chicago is liable to plaintiff for the acts of QUINN and UNKNOWN DEFENDANTS pursuant to the doctrine of *respondeat superior*.

61. Plaintiff was damaged as a result, and the City of Chicago is liable under the state supplemental claim of conversion.

## COUNT VI

### Plaintiff MCKNIGHT against Defendants QUINN and UNKNOWN DEFENDANTS For Deprivation of Substantive Due Process

62. Plaintiffs hereby incorporates and re-alleges paragraphs one (1) through sixty-

one (61) hereat as though fully alleged at this place.

63. As a result of the acts of the defendants plaintiff has suffered the deprivation of his property interest in his vehicle and its contents by causing damage to the vehicle, and not returning the property that was contained in the vehicle.

64. In the event that that it should be determined plaintiff is unable, under Illinois law, to recover for damage to his vehicle and the theft of its contents he will have been deprived of his property interest without due process of law thereby depriving him of rights secured to him by the Constitution of the United States.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: *[signature]*
GARRETT W. BROWNE

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

BY: _____
GARRETT W. BROWNE

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877